## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

TERRY B. POTTS
ADC#111074                                                                    PETITIONER


VS.                                 5:10CV00272 SWW/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                                    RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk  no  later  than  fourteen  (14)  days  from  the  date  of  the  findings  and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Terry B. Potts. (Docket entry #2). Respondent has filed a Response (docket entry #7), to which Petitioner has filed a Reply. (Docket entry #11). Thus,

the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case in state court.

On April 5, 2006, Petitioner was convicted, in Pulaski County Circuit Court, of multiple counts of aggravated robbery, theft by receiving, and theft of property. (Docket entry #2 at 1).  As a habitual offender, he was sentenced to an aggregate 260-year term of imprisonment.  *Id.*

Petitioner appealed his conviction to the Arkansas Court of Appeals.  On March 21, 2007, it affirmed his conviction. *Potts v. State*, 2007 WL 842061 (Ark. App. 2007) (unpublished).

Petitioner then filed a Rule 37 Petition in  Pulaski County Circuit Court.  The trial court reached the merits of the Petition and denied Rule 37 relief.  The Arkansas Supreme Court later held that the trial court lacked jurisdiction because the Rule 37 Petition was filed more than 60 days after the issuance of the mandate in Petitioner's direct appeal.[1] *Potts v. State*, 2008 WL 601381 (Ark. Mar. 6, 2008) (unpublished per curiam) (citing Ark. R. Crim. P. 37.2(c)  — requiring that a Rule 37 Petition be filed within 60 days of the appellate mandate).

---

[1]The Arkansas Court of Appeals issued its mandate affirming Petitioner's conviction on April 10, 2007.  Ninety-eight days later, on July 17, 2007, Petitioner filed his Rule 37 Petition in Pulaski County Circuit Court.

On September 30, 2008, Petitioner filed a state habeas corpus petition in Lincoln County Circuit Court. (Docket entry #7-6 at 1-3). On November 26, 2008, the Lincoln County Circuit Court entered an Order denying state habeas relief.[2] (Docket entry #7-9 at 1-2).

On September 10, 2010, Petitioner filed this federal habeas action. (Docket entry #1). In his Petition, he argues that: (1) he was unlawfully arrested without a warrant; (2) he was subjected to an unlawful photo line-up; (3) he was unlawfully searched without a warrant; (4) his trial lawyer was constitutionally ineffective for failing to make various objections at trial; and (5) the evidence was insufficient to support his convictions. Respondent argues that: (1) the Petition should be dismissed as untimely; (2) Petitioner has procedurally defaulted his claims; and (3) the claims fail on the merits. (Docket entry #10).

For the reasons discussed below, the Court concludes that Petitioner's claims are barred by the applicable one-year statute of limitations. Thus, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

---

[2]Petitioner attempted to appeal the denial of state habeas relief to the Arkansas Supreme Court, but he never lodged the record. *See* docket entry #11.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system . . . . "  *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

The Arkansas Court of Appeals issued its decision affirming Petitioner's conviction on March 21, 2007.  He then had eighteen days to file a petition seeking review by the Arkansas Supreme Court.  He failed to do so.  *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (for purposes of triggering the AEDPA statute of limitations, the  "conclusion of direct review" in cases from the Arkansas Court of Appeals includes the time allowed for petitioning for review from the Arkansas Supreme Court).  Thus, direct review in Petitioner's case concluded on Monday, April 9, 2007.

AEDPA's one year statute of limitations began running on April 10, 2007, and expired on April 10, 2008.

Petitioner placed his habeas Petition in the prison mail system on September 8,

5

2010, more than two years after the expiration of the limitations period.

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed"application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *See Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

In this case, statutory tolling is not applicable because Petitioner did not file a *timely* Rule 37 Petition.  An untimely post-conviction claim in state court is not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotations and alterations omitted).  Furthermore, his state habeas action had no  tolling effect because it was filed *after* the statute of limitations had already run. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, it may be  subject to equitable tolling. *See Holland v. Florida*, 130

S. Ct. 2549, 2560 (2010).  "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nelson v. Norris*, 618 F.3d 866, 893-93 (8th Cir. 2010) (*quoting Holland*, 130 S. Ct. at 2562) (internal quotations omitted).

Petitioner contends that he is entitled to equitable tolling based on his *pro se* status and his limited access to the prison law library.  However, the Eighth Circuit has explicitly held that a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *See, e.g.*, *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling due to delayed receipt of case file, *pro se* status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (no equitable tolling due to the petitioner's misunderstanding of state post-conviction procedures, *pro se* status, lack of legal knowledge or legal resources).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #2) be DENIED, and this case be DISMISSED, WITH PREJUDICE.  IT IS FURTHER RECOMMENDED THAT a Certificate of

Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section

2254 Cases.

Dated this 17th day of August, 2012.

_____

UNITED STATES MAGISTRATE JUDGE