# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERRY B. POTTS
ADC #090167                                                                    PETITIONER

VS.                         5:10CV00272 SWW/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

On September 5, 2012, United States District Judge Susan Webber Wright adopted this Court's Recommended Disposition, and dismissed this § 2254 habeas action as untimely. *Docket entries #12 and 14*. On December 10, 2012, the Eighth

Circuit denied Petitioner's request for a Certificate of Appealability. *Potts v. Hobbs*, 8th Cir. No. 12-3160 (unpublished slip op) (Dec. 12, 2012).

On August 22, 2013, Petitioner filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] *Docket entry #27*. For the reasons discussed below, the Court recommends that the Motion be denied.

## II. Discussion

Petitioner's Motion is based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), where the United States Supreme Court recognized a "limited" and "narrow" equitable exception to the procedural default doctrine in jurisdictions where an ineffective assistance of trial counsel claim must be raised for the first time in an "initial-review collateral proceeding": "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

The application of the *Martinez* equitable exception to Arkansas federal habeas cases is currently unsettled.[2] Nonetheless, Petitioner argues that, because he

---

[1] Judge Wright referred the Motion to the undersigned United States Magistrate Judge. *Docket entry #29*. Petitioner's Motion also includes a request for the appointment of counsel. *Docket entry #27 at 3*. Petitioner's request for the appointment of counsel will be denied for the same reasons stated in the Court's October 8, 2010 Order (*docket entry #4*) denying his earlier request for the appointment of counsel.

[2] In *Dansby v. Norris*, 682 F.3d 711 (8th Cir. 2012), the Eighth Circuit considered the *Martinez* exception, in the context of a federal habeas claim arising in Arkansas, and concluded that, because an ineffective assistance of counsel claim may be raised in a motion for new trial and on direct appeal in Arkansas, *Martinez* was inapplicable. However, in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the United States Supreme Court held that *Martinez* was applicable in Texas, where the procedural rules only "theoretically" allowed for ineffective-assistance claims to be raised on direct appeal: "where, as here, a state procedural framework, by reason of its design and operation, makes

was "without counsel" when he attempted to initiate a Rule 37 action in state court, *Martinez* entitles him to Rule 60(b) relief.

Even assuming that *Martinez* is applicable to habeas cases arising in Arkansas, and that it could provide a basis for Rule 60(b) relief, it is clearly inapplicable in this case. *Martinez* establishes an equitable exception to *procedural default*, while Petitioner's case was dismissed because it was filed outside of the one-year limitations period. Nothing in *Martinez* suggests that it could provide a basis for excusing a prisoner's failure to comply with the one-year habeas statute of limitations.[3]

IT IS THEREFORE RECOMMENDED THAT Petitioner's Motion for Relief From Judgment (*docket entry #27*) be DENIED. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

---

it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies." Afterwards, the United States Supreme Court vacated the *Dansby* decision and remanded to the Eighth Circuit "for further consideration in light of *Trevino v. Thaler*[.]" *Dansby v. Hobbs*, 133 S. Ct. 2767 (2013). The Eighth Circuit's reconsideration of *Dansby* is currently pending.

[3] *See, e.g. United States ex rel. Ames v. Lemke*, 2013 WL 5718206, *4 (N.D. Ill. Oct. 21, 2013) ("These cases [*Martinez* and *Trevino*], however, concern how a petitioner may excuse his procedural default of a claim that he asserts in a habeas corpus petition, not how a petitioner may show an excuse for an untimely petition."); *Silfies v. Walsh*, 2013 WL 3049096, *3 (M.D. Pa. June 17, 2013) ("*Martinez* did not provide that postconviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition.") (citations omitted); *Terry v. Cathel*, 2012 WL 4504590, *4 (D. N.J. Sep.27, 2012) ("No aspect of the *Martinez* decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition.").

Dated this 13th day of November, 2013.

                                           */s/ J. Thomas Ray*
                                      UNITED STATES MAGISTRATE JUDGE